UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADAGE ENTERPRISE INC., | ) | Civil Action No.16-CV-3963 |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM GETZ CORPORATION | ) | **COMPLAINT FOR PATENT** |
| | ) | **INFRINGEMENT, COMMON** |
| Defendant. | ) | **LAW TRADE DRESS** |
| | ) | **INFRINGEMENT, UNFAIR** |
| | ) | **COMPETITION AND** |
| | | **MISAPPROPRIATION** |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT, COMMON LAW TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION AND MISAPPROPRIATION**

Plaintiff Adage Enterprise, Inc. (hereinafter "Adage"), for its complaint against Defendant William Getz Corporation (hereinafter "William Getz"), hereby alleges, upon information and belief, as follows:

**NATURE OF THE ACTION**

1. This action arises as a result of William Getz' infringement of United States Design Patent No. D520,217 (hereinafter "the '217 patent"), attached as Exhibit A, and United States Patent No. D543,676 (hereinafter "the '676 patent"), attached as Exhibit B, (collectively "Adage's Patents") in violation of the Patent Act of the United States set forth in Title 35 of the U.S. Code, unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), Common Law Trade Dress Infringement and Unfair Competition, unfair Competition under New York General Business Law §349, and misappropriation under New York common law.

1

## THE PARTIES

2. Adage Enterprise, Inc. is a corporation organized and existing under the laws of New Jersey, with its principal place of business at 64 Burtwood Court, Allendale, NJ 07401

3. William Getz Corporation is a corporation and existing under the laws of California, with its registered place of business at 539 W Walnut Avenue, Orange, CA 92868.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to, *inter alia,* 28 U.S.C. § 1331 (federal question); 28 U.S.C. §1338(a) (action arising under the Patent Act); 28 U.S.C. §1338(b) (unfair competition joined with claims under Patent Act); and 28 U.S.C. §1367 (supplemental jurisdiction).

5. This Court has personal jurisdiction over Defendant William Getz for one or more of the following reasons:

> a. William Getz has done and continues to do business including Target retail stores and on-line stores including Amazon.com in the state of New York and with one or more residents of the State of New York, including this District;
>
> b. William Getz directs into the State of New York, including in this District, commerce, goods and services, and advertising including by mail, electronic communications, and other means;
>
> c. William Getz has entered into contracts with one or more residents of the State of New York to supply products or services within the State of New York, including in its District;

        d.      William Getz has offered, and continues to offer, products constituting patent infringement and services and products that constitutes unfair competition and misappropriation relating to this complaint in the State of New York, including in this District; and

        e.      William Getz has made substantial sales and shipments of infringing goods within the state of New York, including in this District;

6.      Venue in the Southern District of New York is proper pursuant to 28 U.S.C. §1391 because William Getz has sold and continues to offer for sale of the products within this district that constitutes infringement, unfair competition and misappropriation in this action.

## STATEMENT OF FACTS

7.      Adage is the manufacturer and seller of ballet shoes, including the Adage Turner heelless ballet shoe (the "Adage Turner"). The Adage Turner has a toe cover portion with two elastic straps extending from the cover, which collectively provide a unique and distinctive ornamental appearance that differentiates the Adage Turner from traditional ballet shoes.

8.      On May 9, 2006, United States Design Patent No. D520,217 ("the '217 patent") was duly and legally issued by the United States Patent and Trademark Office to inventor Sunae Kim. The '217 patent has remained in force since that time and continues to be in force.

9.      Adage Trading, Inc. became the owner of the '217 patent through an assignment from the inventor Sunae Kim, dated August 9, 2006, which was recorded with the U.S. Patent and Trademark Office on August 24, 2006, at reel and frame number 018221/0343.

10. Adage Enterprise Inc. is the current owner of the '217 patent, having become owner of this patent through an assignment from the Adage Trading, Inc., dated May 2, 2016, which was recorded with the U.S. Patent and Trademark Office on May 3, 2016, at reel and frame number 038442/0548.

11. The '217 patent covers the ornamental design for a "two strap heelless ballet shoe", as shown and described therein.  The '217 patent contains seven (7) figures or drawings of the heelless ballet shoe highlighting its unique features, including the shape of the toe cover portion and its two straps.  Adage practices the '217 patent in connection with its commercialization of the Adage Turner, as shown in the side-by-side comparison below:



| '217 patent | Adage Turner |
|---|---|

12. On June 5, 2007, United States Design Patent No. D543,676 ("the '676 patent") was duly and legally issued by the United States Patent and Trademark Office to inventors Sunae Kim and Kelley A. Larkin.  The '676 patent has remained in force since that time and continues to be in force.

13. Adage Trading, Inc, became the owner of the '676 patent through an assignment from inventors, Sunae Kim and Kelley A. Larkin, dated August 21, 2006, which was recorded on August 24, 2006, at reel and frame number 018241/0488.

14. Adage Enterprise Inc. is the current owner of the '676 patent, having become owner of this patent through an assignment from assignor, Adage Trading, Inc. dated May 2, 2016, which was recorded on May 3, 2016, at reel and frame number 03842/0727.

15. The '676 patent covers the ornamental design for the "heelless ballet slipper", as shown and described therein. The '676 patent contains six (6) figures or drawings of the ballet shoe highlighting its unique features, including the shape of the toe cover and its two straps. Adage practices the '676 patent in connection with its commercialization of the Adage Turner, as shown in the side-by-side comparison below:

| '676 patent | Adage Turner |
|---|---|
| FIG. 1 | |
| FIG. 2 | |

16. The Adage Turner has been and continues to be marked clearly with the '217 and '676 Patent numbers, thereby providing constructive notice of Adage's Patents under 35 U.S.C. §287(a).

17. Adage has extensively promoted, advertised and used its distinctive its Adage Turner design throughout the United States since 2007, including but not limited to, product labeling, description, packaging, and on-line advertisements, to distinguish its products from those offered by other competitors.

18. The Adage Turner products have been commercially successful and their distinctive heelless ballet shoe/slipper has therewith become synonymous with Adage and its line of ballet shoes that have been widely used by dancers.

19. As a result of Adage's substantial and continuous promotional efforts in the market throughout the United States, consumers identify the distinctive design of the Adage Turner with Adage as the source of ballet shoe/slipper. Moreover, Adage has earned a reputation that is the basis for dancers selecting Adage as the source to satisfy their ballet shoes/slippers needs.

## WILLIAM GETZ'S INFRINGEMENT AND OTHER WRONGFUL ACTS

20. In recognition of the commercial success of the heelless ballet shoe/slipper of the '217 and the '676 patents, and of the Adage Turner, William Getz began manufacturing and selling the following heelless ballet shoes/slippers, DANSHUZ Half Body Foot Sole, DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole (the "Accused Products" in direct competition with Adage.

21. William Getz's Products mimic the ornamental features of the designs claimed in the '217 and '676 patents, and the trade dress in and to the Adage Turner, including

the shape of the toe cover portion and the two elastic straps extending from the rear of the toe cover.  Side-by-side comparison of the Accused Products and the '217 patent, the '676 patent, and the Adage Turner are provided below, showing the similarity between Accused Products, the patented designs, and the trade dress in and to the Adage Turner.

22. As shown in the comparison below, the DANSHUZ Half Body Foot Sole is the same as or substantially similar to the heelless ballet slippers claimed in the '217 patent.  For instance, the DANSHUZ Half Body Foot Sole copies the design elements of the '217 patent as a whole, including the shape of the toe cover portion, the patch representing the sole of the shoe, and the two elastic straps extending from the toe cover.  These elements are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived by the substantial similarity between the two designs so as to be induced as to purchase the DANSHUZ Half Body Foot Sole  believing it to be the design of the product protected by the '217 patent.



| '217 patent | DANSHUZ Half Body Foot Sole |
|---|---|
|  | (FRONT_TOP)     (BACK_BOTTOM) |

7

23. As also shown in the comparison below, the DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole are the same as or substantially similar to the heelless ballet slippers claimed in the '676 patent. For instance, , the DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole copies the design elements of the '676 patent as a whole, including the shape of the toe cover portion, the patch representing the sole of the shoe, and the two elastic straps extending from the toe cover. These elements are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived by the substantial similarity between the two designs so as to be induced as to purchase the DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole believing it to be the design of the product protected by the '676 patent.

| '676 patent | DANSHUZ Freedom Leather Half Sole |
|---|---|
| FIG. 1 | |
| FIG. 2 | |



| '676 Patent | DANSHUZ Freedom Canvas Half Sole |
|---|---|
| FIG. 1 | |
| FIG. 2 | |

24. As also shown in the comparison below, the DANSHUZ Half Body Foot Sole, DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole are the same or substantially similar the trade dress in and to the Adage Turner (the "Adage Turner Trade Dress") and are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the DANSHUZ Half Body Foot Sole, DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with Adage.

| **Adage Turner** <br><br> **(Top)** | DANSHUZ Half Body Foot Sole | DANSHUZ Freedom Leather Half Sole | DANSHUZ Freedom Canvas Half Sole |
|---|---|---|---|
| | | | |



| Adage Turner (Bottom) | DANSHUZ Freedom Leather Half Sole | DANSHUZ Freedom Canvas Half Sole |
|---|---|---|



25. Adage has not granted a license or any other authorization to William Getz to make, use, offer for sale, or sell any products that embody the design patented in the '217 and '676 patents, and the trade dress in and to the Adage Turner.

26. William Getz import, offer for sale, and sell the Accused Products in the United States to merchants for sale in retail stores and on-line, and directly to consumers.

27. Upon information and belief, William Getz knowingly and willfully infringed and continue to infringe Adage's patents and trade dress, thereby profiting from its acts unlawfully and to the detriment of Adage.

28. Upon information and belief, William Getz actively induced and continue to induce infringement by its merchants that resell the Accused Products.

## COUNT I

### Patent Infringement of United States Design Patent No. D520, 217

29. Adage incorporates by reference the allegations set forth in Paragraphs 1-28 of this Complaint.

30. William Getz infringed and continue to infringe the '217 patent by (i) making, importing, selling, and offering for sale in the United States, including in New York, products covered by the '217 patent in violation of 35 U.S.C. §271, including the DANSHUZ Half Body Foot Sole

31. William Getz infringed and continue to infringe the '217 patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the designs of the '217 patent and the design of the Accused Products, are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him or her to purchase one product supposing it to be the patented item.

32. Adage has not authorized any of William Getz's infringing activities.

33. Adage has been damaged and continues to be injured by William Getz's infringement, including suffering actual damages.

34. The injury as a result of William Getz's continued infringement of the '217

patent is irreparable and will continue unless enjoined from further infringement under 35 U.S.C §283.

35. William Getz has engaged and is engaging in willful and deliberate infringement the '217 patent, which justifies treble damages under 35 U.S.C. §284. Further, William Getz' actions support an award of fees under 35 U.S.C. §285.

## COUNT II
### Patent Infringement of United States Design Patent No. D543,676

36. Adage incorporates by reference the allegations set forth in Paragraphs 1-35 of this Complaint.

37. William Getz infringed and continue to infringe the '676 patent by (i) making, importing, selling, and offering for sale in the United States, including in New York, products covered by the '676 patent in violation of 35 U.S.C. §271, including the DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole.

38. William Getz infringed and continue to infringe the '676 patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the designs of the '676 patent and the design of the Accused Products, are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him or her to purchase one product supposing it to be the patented item.

39. Adage has not authorized any of William Getz's infringing activities.

40. Adage has been damaged and continues to be injured by William Getz's infringement, including suffering actual damages.

41. The injury as a result of William Getz's continued infringement of the '676 patents is irreparable and will continue unless enjoined from further infringement under 35 U.S.C §283.

42. William Getz has engaged and is engaging in willful and deliberate infringement the '676 patents, which justifies treble damages under 35 U.S.C. §284. Further, William Getz' actions support an award of fees under 35 U.S.C. §285.

## COUNT III
**Unfair Competition under the Lanham Act Section 43(a), 15 U.S.C. §1125(a)**

43. Adage incorporates by reference the allegations set forth in Paragraphs 1-42 of this Complaint.

44. William Getz's unauthorized use of the Adage's protected design characteristics constitutes unfair competition with Adage under the Lanham Act, 15 U.S.C. §1125(a).

45. Adage has valid and protectable prior rights in using the design protected by the '217 patent and '676 patent. Adage's extensive commercial use, has come to be associated solely with Adage as the source of heelless shoes on which it is used.

46. William Getz's DANSHUZ Half Body Foot Sole, DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole products are imitations the same as or substantially similar to Plaintiffs' Adage Turner has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiffs, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

47. William Getz has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. §1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiffs' goodwill

13

and reputation as symbolized by the Adage Turner, for which Plaintiffs have no adequate remedy at law.

48. William Getz's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Adage Turner Trade Dress to the great and irreparable injury of Plaintiffs.

49. William Getz's conduct has caused, and is likely to continue causing, substantial injury to the public and to Adage, and Adage is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. §1125(a), §1116 and §1117.

50. William Getz's attempts to advertise Adage's characteristics of two straps and sell same or substantially similar products caused serious injury to Adage sustained unfair competition and misappropriation in violation of the Lanham Act, 15 U.S.C. §1125(a).

51. Due to on-going William Getz's infringement, Adage is entitled to recover its actual damages pursuant to 15 U.S.C. §1117(a). which includes treble damages, Adage's costs and attorney's fee since William Getz's activities constitute willful and deliberate violation.

52. Adage is entitled to a permanent injunction pursuant to 15 U.S.C. §1116 to prevent William Getz from further unfair and deceptive violation pursuant to 15 U.S.C. §1125(a). and any other relief as this Court considers necessary and proper.

## COUNT IV
### Common Law Trade Dress Infringement and Unfair Competition

53. Adage incorporates the allegations by set forth in Paragraphs 1-52 of this complaint.

54.     William Getz's use of the Adage Trade Dress constitutes common law trade dress infringement and unfair competition with Adage under the common law of the State of New York.

55.     William Getz has infringed that Adage Trade Dress by manufacturing, distributing, marketing and selling heelless ballet shoes/slippers embodying DANSHUZ Half Body Foot Sole, DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole

56.     William Getz's use of these infringing designs on heelless ballet shoes/slippers which it manufactures, distributes, markets and sells is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of William Getz with Adage, or as to the origin, sponsorship, or approval by Adage of William Getz's goods, services or commercial activities.

57.     William Getz's use of Adage Trade Dress enables William Getz to benefit unfairly from Adage's reputation and success and commercial value that they would not have otherwise. Further, William Getz unfairly competes with Adage by selling its accused products at a price substantially below the price that Adage charges for its substantially identical dress to the same pool of wholesale and retain customers.

58.     Prior to William Getz's first use of the infringing Adage's heelless ballet shoes/slippers designs, William Getz was aware of Adage's business and had either actual notice and knowledge, or constructive notice of Adage's Trade Dress.

59.     William Getz's unauthorized use of Adage's Trade Dress is likely, if not certain, to deceive or cause confusion of mistake among consumers as to the origin, sponsorship

15

or approval of the accused products and/or to cause confusion or mistake as to any affiliation, connection or association between Adage and William Getz.

60. Adage is informed and believes, and on that alleged basis, William Getz's infringement of Adage's Trade Dress as described herein has been and continues to be intentional, willful and without regard to Adage's rights in its Adage Trade Dress.

61. Adage is informed and believes, and on the alleged basis, that William Getz has gained profits by virtue of its infringement of Adage's Trade Dress.

62. Adage will suffer and is suffering irreparable harm from William Getz's infringement of Adage's Trade Dress and related unfair competition insofar as Adage's invaluable good will is being eroded by William Getz's continuing infringement and unfair competition. Adage has no adequate remedy at law to compensate it for the loss of the business reputation, customers, market position, confusion of potential customers and good will from the William Getz's infringing and unfair activities. Adage is entitled to an injunction against William Getz's continuing infringement of Adage's Trade Dress. Unless enjoined, Adage will continue its infringing conduct.

63. Because William Getz's actions have been committed with intent to damage Adage and to confuse and deceive the public, Adage is entitled to punitive damages, in addition to any actual or compensatory damages.

## COUNT V
### Unfair Competition under the New York General Business Law §349

64. Adage incorporates the allegations by set forth in Paragraphs 1-63 of this complaint.

65. The acts of William Getz described above constitute unfair business practices in violation of New York General Business Law §349.

66. Adage has valid and protectable prior rights in using the design protected by the '217 patent and '676 patent. Adage's extensive commercial use, has come to be associated solely with Adage as the source of heelless shoes on which it is used.

67. William Getz's actions constitute deceptive business activities that mislead and continues to mislead consumers by knowingly and willfully producing, selling and offering for sale of DANSHUZ Half Body Foot Sole, DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole products. Consumers and the public has been harmed by William Getz's deceptive business activities which constitute misrepresented relationship between Adage and William Getz or that William Getz's products are affiliated with or sponsored by Adage.

68. William Getz' willful and deceptive violation in using the design protected by '217 patent and '676 patent constitute willful misappropriation of Adage's product, ideas, and designs by earning profits through unauthorized sales of the similarly confused products protected under New York General Business Law §349(a).

69. William Getz acted willfully and intentionally in using Adage's heelless shoes' designs, with full knowledge of Adage's design patent rights and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Adage and William Getz or between William Getz's DANSHUZ shoes and Adage Turners. William Getz willfully and bad faith diverts sales from Adage by selling its infringing copies of Adage's designs at a significant lower price than the Adage's retail prices. The unlawful and fraudulent business practices of Adage described above present a continuing threat to, and is

meant to deceive members of, the public in that William Getz continues to promote its products wrongfully in violation of Adage's protected design under the '217 patent and '676 patent.

70. William Getz's unfair competition causes Adage to suffer damage which entitles Adage award an injunction against William Getz from preventing unlawful practice. Adage has no adequate remedy at law for William Getz's continuing violation of Adage's rights. Adage is entitled to receive Adage's actual damages, treble damages, and reasonable attorney's fees pursuant to New York General Business Law §349(h).

## COUNT VI
### Misappropriation

71. Adage incorporates the allegations by set forth in Paragraphs 1-70 of this Complaint.

72. Under information and belief, William Getz has misappropriated Adage's labors, skills, efforts, invention, and good will by infringing of Adage's design features of two elastic straps and the cushion on the sole.

73. William Getz had obtained commercial benefits in bad faith by unlawfully using the Adage's designs and mass-producing in the markets in New York and nationwide because Exclusive commercial benefits protect Adage.

74. Adage is entitled to the damages in the amount at trial and punitive damages against William Getz enjoined from William Getz's misappropriation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Adage, prays for relief as follows:

A. A judgment (or order) in favor of Adage declaring that William Getz has infringed U.S. Patent No. D520,217 and U.S. Patent No. D543,676;

B. A permanent and preliminary injunction against William Getz from infringing Adage's patents, and from selling, offering to sell, distributing, marketing, advertising, using in connection with Adage's patents and any other products constitutes Adage's patents including without limitation of DANSHUZ Half Body Foot Sole, DANSHUZ Freedom Leather Half Sole and DANSHUZ Freedom Canvas Half Sole;

C. A judgement awarding the damages to Adage including 1) total profit and revenue derived from its infringement of '217 patent and '676 patent and actual damages to Adage in an amount not to less than a reasonable royalty for William Getz's infringement, 2) all damages suffered by Adage in accordance with the law pursuant to 35 U.S.C §284 and treble damages for William Getz's willful and deliberate infringement pursuant to 35 U.S.C. §284;

D. An award or damages to Plaintiff in an amount determined at trial for Defendant's unfair competition under the New York General Business Law and treble damages under New York General Business Law § 349(h); and/or;

E. An award of damages to Plaintiff in an amount determined at trial for Defendants' misappropriation;

F. Punitive damages against Defendants;

G. A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

H. An award of all costs, expenses, disbursements, and attorney's fees incurred by the Plaintiff in this action; and

I.      An award of prejudgment including interest on all damages and any proper reliefs as the Court considers just and proper.

**DEMAND FOR TRIAL BY JURY**

Adage hereby demands a trial by jury as to all issues so triable.

Dated May 26, 2016

                              Respectfully Submitted,

                By*:*  */s/ JOON PARK*

                    Joon H. Park (JP 9273)
                    Antonio Papageorgiou (AP 4444)
                    PARK LEGAL COUNSEL GROUP, PLLC
                    140 Broadway, New York, NY 10005
                    (212) 858-7580 (phone)
                    (917) 720-9820 (fax)
                    jpark@plcglaw.com

                    **Attorneys for Adage Enterprise Inc.**